IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

_____

| | | |
|---|---|---|
| BRYAN WILLIAM MANSEAU, | ) | **ORDER TO AMEND DEFICIENT** |
| | ) | **AMENDED COMPLAINT,** |
| Plaintiff, | ) | **& MEMORANDUM DECISION** |
| | ) | |
| v. | ) | Case No. 2:13-CV-78 TS |
| | ) | |
| SALT LAKE COUNTY JAIL, | ) | District Judge Ted Stewart |
| | ) | |
| Defendant. | ) | |

_____

Plaintiff, inmate Bryan William Manseau, filed this *pro se*
civil rights suit, *see* 42 U.S.C.S. § 1983 (2013), *in forma
pauperis*, *see* 28 id. § 1915.  The Court now screens the Amended
Complaint and orders Plaintiff to file a second amended complaint
to cure deficiencies before further pursuing his claims.

**Deficiencies in Amended Complaint**

Complaint:

(a)   improperly names Salt Lake County Jail as a defendant,
      though it is not an independent legal entity that can sue or
      be sued.

(b)   states claims in violation of municipal-liability doctrine
      (see below).

(c)   does not state a proper legal-access claim (see below).

(d)   has claims appearing to be based on conditions of current
      confinement; however, the complaint was apparently not
      submitted using the legal help Plaintiff is entitled to by
      his institution under the Constitution.  *See Lewis v.
      Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be
      given "'*adequate* law libraries or *adequate* assistance from
      persons trained in the law' . . . to ensure that inmates
       . . . have a reasonably adequate opportunity to file
      nonfrivolous legal claims challenging their convictions or

conditions of confinement") (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (emphasis added)).

### Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  *TV Comm'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant."  *Id.*  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint.  *See Murray v. Archambo,* 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights.  *See Bennett v. Passic,* 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action).  "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"  *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position.  *See Mitchell v. Maynard,* 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under §

3

1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Fifth, subordinate agencies of counties are not separate legal entities with capacity to sue or be sued. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (stating sheriff's and police departments are not usually considered legal entities subject to suit under § 1983). Thus, the Court construes Plaintiff's claims against the Salt Lake County Adult Detention Center as claims against Salt Lake County itself.

To establish the liability of municipal entities, such as Salt Lake County, under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Municipal entities cannot be held liable under § 1983 based on the doctrine of *respondeat superior*. *See Cannon v. City and County of Denver*, 998 F.2d 867, 877 (10th Cir. 1993); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).

Plaintiff has not so far established a direct causal link between his alleged injuries and any custom or policy of Salt Lake County. Thus, the Court concludes that Plaintiff's

4

complaint, as it stands, appears to fail to state claims against Salt Lake County.

Finally, the Court notes that Plaintiff's claims involves legal access.  As Plaintiff fashions his amended complaint, he should therefore keep in mind that it is well-recognized that prison inmates "have a constitutional right to 'adequate, effective, and meaningful' access to the courts and that the states have 'affirmative obligations' to assure all inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980).  In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide access to the Courts by stating "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries *or adequate assistance from persons trained in the law*."  *Id.* at 828 (footnote omitted & emphasis added).

However, to successfully assert a constitutional claim for denial of access to the courts, a plaintiff must allege *not only* the inadequacy of the library or legal assistance furnished *but also "that the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim*."  *Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added);

5

*Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).  In other words, a plaintiff must show "that any denial or delay of access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996).  Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

**ORDER**

IT IS HEREBY ORDERED:

(1) Plaintiff must within thirty days cure the deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

DATED this 13th day of June, 2013.

BY THE COURT:

_____
CHIEF JUDGE TED STEWART
United States District Court

6